

2033 North Main Street, Suite 800
Walnut Creek, CA 94596-3759
925.930.6600
925.930.6620 (Fax)
www.archernorris.com

**JESSICA S. PLINER**
jpliner@archernorris.com
925-930-6600

May 2, 2016

```
The Court asks the
platintiff's counsel to
weigh in on the request.
The ruling is deferred.
DATED: May 4, 2016
```

*IT IS SO ORDERED*
*Judge Laurel Beeler*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

**Hon. Laurel Beeler**
San Francisco Courthouse
Courtroom C - 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Yates v. Adams, et al.*, Case No. 3:15-cv-04912-JD
       Mandatory Settlement Conference:  June 28, 2016

Dear Judge Beeler:

    Defendants Nexstar Broadcasting Group, Inc., Seal Rock Broadcasters, LLC, Sarkes Tarzian, Inc., Gray Television, Inc., Intermountain West Communications Company, LLC, Sinclair Broadcast Group, Inc. and Comcast Corporation, hereinafter, "Requesting Defendants," request permission for their personal attendance at the June 28, 2016 settlement conference be excused because their appearance would an unjustifiable hardship.

    This suit arises from the alleged copyright infringement of computer software "Subject Software" related to the digital delivery of commercial television advertisements.  The Requesting Defendants, operators of television stations across the country, accessed the Subject Software at the request of Defendant David Adams and his company Transmedia, Inc. in order to enable Transmedia to deliver advertisements for insertion into programming in an efficient manner.

    Transmedia has agreed to indemnify the Requesting Defendants with respect to damages arising out of their access to or use of the Subject Software in this suit and Mr. Adams has full authority to resolve this matter on behalf of Requesting Defendants.  Mr. Adams will be present at the settlement conference and will have full authority to settle this matter on behalf of himself, Transmedia and on behalf of the Requesting Defendants.  Counsel for Requesting Defendants, including separate counsel for

Hon. Laurel Beeler
May 2, 2016
Page 2

Comcast Corporation will be present and Requesting Defendants propose being available via telephone if required.

Mr. Adams possesses the information about the development of the Subject Software, Plaintiff's role in the development of the Subject Software and all Defendants' access to and use of that software. Mr. Adams also possesses the information and documentation supporting all Defendants' affirmative defenses. Requesting Defendants do not have any additional information on these items. Mr. Adams also possesses the documents and information necessary to undertake a calculation of actual damages relating to each Defendant's access to the Subject Software, if liability were established. Prior to the conference, said calculations will be confirmed with Requesting Defendants. Therefore the value in the personal appearances of Requesting Defendants is outweighed by the hardship of the extensive time commitment and long distance travel.

Requesting Defendants' personnel who would satisfy the Court's attendance requirements (as stated in the Court's April 5, 2016 Order) are located:

a) Nexstar Broadcasting Group, Inc.: Irving, Texas;
b) Seal Rock Broadcasters, LLC: Monterey, California
c) Sarkes Tarzian, Inc.: Reno, Nevada;
d) Gray Television, Inc.: Atlanta, Georgia;
e) Intermountain West Communications Company, LLC: Las Vegas, Nevada;
f) Sinclair Broadcast Group, Inc.: Hunt Valley, Maryland;
g) Comcast Corporation: Philadelphia, Pennsylvania.

Defendants Gray Television, Inc., Sinclair Broadcast Group, Inc., Sarkes Tarzian, Inc. and Intermountain West Communications Company, LLC have liability policies which may satisfy a judgment, however Transmedia is providing a defense and indemnity to these Defendants and, accordingly, these carriers are not participating in the litigation. The other Requesting Defendants do not have liability policies which might satisfy a judgment.

Assuming liability could be established, which is unlikely for a number of reasons, including conclusively established matters resulting from Plaintiff's failure to respond to requests for admissions, Defendants estimate the net actual damages to be less than $10,000. (Statutory damages and attorney's fees are not available in this matter).

Plaintiff's counsel was unable to provide Plaintiff's position on this matter as he was unable to reach Plaintiff, who is apparently out of the country for at least another week.

Because Mr. Adams will be present with full settlement authority to resolve this matter as well as full knowledge of the relevant information and based on the amount in controversy and the distances to be traveled, the personal appearance of the

Hon. Laurel Beeler
May 2, 2016
Page 3


Requesting Defendants at the settlement conference would represent an unjustifiable hardship.

                                    Respectfully Submitted,

                                    *s/ Jessica Stuart Pliner*

                                    Counsel for Defendants DAVID B. ADAMS, erroneously sued Individually, and d/b/a TRANSMEDIA, INC., TRANSMEDIA POST PRODUCTION, TRANSMEDIA RADIO NETWORKS, MEDIAFAX, INC. and SPOTTRAFFIC, INC., NEXSTAR BROADCASTING GROUP, INC., SEAL ROCK BROADCASTERS, LLC, SARKES TARZIAN, INC., GRAY TELEVISION, INC., INTERMOUNTAIN WEST COMMUNICATIONS COMPANY, LLC erroneously sued as INTERMOUNTAIN WEST COMMUNICATIONS COMPANY, INC. and SINCLAIR BROADCAST GROUP, INC.

      and                             *Jill Battilega Rowe*
                                    Counsel for Defendant Comcast Corporation


cc:    Craig Lusiani (Counsel for Plaintiff)
       Charles R. Kozak   (Counsel for Plaintiff)
       Owen Seitel (Co-Counsel for Requesting Defendants)


T0230001/4817-5496-1200-1